# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON, JR., | |
| Plaintiff, | CIVIL ACTION NO. 1:16-cv-01747 |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| DAUPHIN COUNTY HOUSING AUTHORITY, et al., | |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

This is a *pro se* civil action brought by the plaintiff, Chalmers A. Simpson, Jr., against the Dauphin County Housing Authority (the "Housing Authority"), Stewart Aldinger, its manager, and Ingrid Shuey, its financial specialist. In his complaint, Simpson complains of unfair treatment in connection with his eviction from a public housing unit due to non-payment of rent. The defendants have moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. Background

The complaint in this matter is less than model of clarity. Nevertheless, the fundamental facts underlying Simpson's claims against

these defendants may be gleaned from it, when considered together with publicly available court records.[1]

At some point prior to June 2015, Simpson entered into a residential lease with the Housing Authority under a public housing program. On July 7, 2015, the Housing Authority filed a landlord/tenant complaint in state magisterial district court on the ground that Simpson had failed to pay his rent. *See Dauphin Cty. Hous. Auth. v. Simpson*, Docket No. MJ-12202-LT-0000213-2015 (Dauphin Cty. Magis. Dist. Ct.).[2] On July 15, 2015, following a hearing, the state court entered judgment in favor of the Housing Authority in the amount of $880, representing two months of rent in arrears, plus costs. *Id.* On July 29, 2015, Simpson appealed that judgment to the Dauphin County Court of Common Pleas. *Id.* Although the outcome of the appeal is not expressly noted in the complaint or in the state court docket report, it was terminated—whether on procedural or

---

[1] In addition to the complaint, we have taken judicial notice of the publicly available docket of landlord/tenant proceedings against Simpson in the state magisterial district court serving Dauphin County. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

[2] A copy of the publicly available docket report has been filed by the defendants. (Doc. 12-1). An earlier, partial version of the same docket report, dated July 15, 2015, has been filed by the plaintiff. (Doc. 17, at 23).

substantive grounds—in favor of the Housing Authority, which requested an order for possession on July 27, 2016. *Id.* The order was issued that same day and served on July 28, 2016. *Id.*

Simpson filed the *pro se* complaint in this action on August 22, 2016. (Doc. 1). On November 18, 2016, the defendants filed a motion to dismiss and brief in support. (Doc. 11; Doc. 12). After multiple extensions of time, Simpson filed his brief in opposition to the motion to dismiss on January 25, 2017. (Doc. 17). The matter is now ripe for disposition.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not

compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## B. *Sua Sponte* Dismissal Standard

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam).

## III. DISCUSSION

In his complaint, Simpson's primary federal claim appears to be that the defendants instituted state court eviction proceedings against him without first providing him with a grievance hearing, a potential violation of his Fourteenth Amendment right to due process, made actionable by 28 U.S.C. § 1983. *See Bell v. Pleasantville Hous. Auth.*, 443 Fed. App'x 731, 735 (3d Cir. 2011) (per curiam); *Watson v. Philadelphia Hous. Auth.*, 629 F. Supp. 2d 481, 486 (E.D. Pa. 2009). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal

court's obligation to liberally construe the filings of *pro se* litigants).[3] He also alleges a violation of 24 C.F.R. § 982.201, a federal regulation providing public housing admission guidelines, and he appears to seek to hold the Housing Authority liable for wrongful conduct by its employees under a failure-to-train theory. In addition, Simpson appears to assert related state-law claims for wrongful eviction and breach of lease.[4]

The defendants have moved to dismiss the complaint for failure to

---

[3] Simpson's complaint expressly references the Eighth Amendment, which prohibits the imposition of cruel and unusual punishment on criminal offenders, and 28 U.S.C. § 1447, which concerns procedure in cases removed to federal court from state court. Both of these references are non sequiturs, entirely unrelated to the facts alleged in the complaint. Instead, based on the facts alleged, as best as we are able to discern them, we have construed the complaint to assert a Fourteenth Amendment due process claim. "A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985); *accord Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, Civil Action No. 2:06-cv-1797, 2014 WL 982848, at *7 n.11 (E.D. Pa. Mar. 13, 2014) (quoting *Maeda Pac. Corp.*). Further, the review of a *pro se* complaint focuses on whether the facts alleged state a claim under *any legal theory*, not just those explicitly named in the complaint. *Small*, 398 F.3d at 898; *Ohuche v. Merck & Co., Inc.*, 903 F. Supp. 2d 143, 150 (S.D.N.Y. 2012); *Thiel v. Nelson*, 422 F. Supp. 2d 1024, 1028 (W.D. Wis. 2006).

[4] Simpson also references a "Human Rights Act of 1998," which as best we can tell refers to an Act of Parliament of the United Kingdom, not applicable in this jurisdiction.

state a claim. Primarily, they argue that all of Simpson's federal and state-law claims are barred by sovereign immunity. Secondarily, they contend that Simpson has failed to allege sufficient facts to state wrongful eviction, breach of lease, or failure-to-train claims, and that there is no private cause of action to enforce the federal regulation referenced by Simpson.[5] They have not addressed the Fourteenth Amendment due process issue.

**A. Sovereign Immunity**

"[A] complaint may be dismissed pursuant to Rule 12(b)(6) where the defendant contends that under the facts alleged he is entitled to immunity, even though immunity is generally characterized as an affirmative defense." *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 760 (E.D. Pa. 1994). Here, the defendants contend that all of Simpson's claims are barred by sovereign immunity.

By statute, Pennsylvania law provides that housing authorities are agencies of the Commonwealth, rather than municipal entities, for purposes of sovereign immunity. *See* 35 P.S. § 1550; *City of Philadelphia v.*

---

[5] The defendants also argue that Simpson has failed to state an Eighth Amendment claim, but as noted above, the complaint clearly fails to provide any foundation whatsoever for an Eighth Amendment cruel-and-unusual-punishment claim.

*Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 119 (3d Cir. 1993). The doctrine of sovereign immunity bars state-law damages claims against the Commonwealth and its employees, acting within the scope of their duties, except where specifically waived by the legislature. *See* 1 Pa. Cons. Stat. Ann. § 2310; 42 Pa. Cons. Stat. Ann. § 8522 (specifically waiving sovereign immunity for certain categories of tort liability not implicated in this case); 62 Pa. Cons. Stat. Ann. § 1702 (specifically waiving sovereign immunity for certain types of contract dispute not implicated in this case). Sovereign immunity applies to state-law claims advanced against Commonwealth employees in both their official and their individual capacities. *Kintzel v. Kleeman*, 965 F. Supp. 2d 601, 606 (M.D. Pa. 2013). Thus, in this case, sovereign immunity bars Simpson's state-law claims for breach of lease and wrongful eviction. *See Coulter v. E. Stroudsburg Univ.*, Civil Action No. 3:10-CV-0877, 2010 WL 1780400, at *1 (M.D. Pa. May 4, 2010) (breach of contract); *Gerhart v. Commonwealth*, Civil Action No. 09-cv-1145, 2009 WL 2581715, at *8 n.14 (E.D. Pa. Aug. 13, 2009) (wrongful eviction).

But this statutory designation by the Pennsylvania legislature is not dispositive with respect to the plaintiff's federal civil rights claims. Historically, application of sovereign immunity to Pennsylvania housing

authorities "rests on the legislature's statutory labeling of housing authorities as Pennsylvania agencies and on statutorily granted, as opposed to common law, sovereign immunity." *Wright v. Philadelphia Hous. Auth.*, No. CIV. A. 94-1601, 1994 WL 597716, at *3 (E.D. Pa. Nov. 1, 1994). With respect to federal civil rights claims, it is well-established that Pennsylvania housing authorities are considered municipalities, subject to liability under § 1983 when a municipal policy or custom has caused the underlying violation of federal constitutional rights. *See Nawuoh v. Venice Ashby Cmty. Ctr.*, 802 F. Supp. 2d 633, 644 n.8 (E.D. Pa. 2011); *Watson*, 629 F. Supp. 2d at 485; *Wright*, 1994 WL 597716, at *3–*4. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (permitting municipal liability under § 1983). Pennsylvania's statutory grant of sovereign immunity to housing authorities does not bar Simpson from pursuing his § 1983 claims.

Accordingly, it is recommended that the Simpson's state-law claims for breach of lease and wrongful eviction be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Violation of Federal Public Housing Regulations

Simpson alleges a violation of 24 C.F.R. § 982.201, a federal

regulation providing public housing admission guidelines with respect to low-income applicants. The defendants contend that there is no cognizable private cause of action to enforce this regulation, relying on *Three Rivers Center for Independent Living v. Housing Authority of Pittsburgh*, 382 F.3d 412 (3d Cir. 2004). In *Three Rivers*, the Third Circuit found a different regulation concerning handicap accessibility of public housing projects did not articulate any personal rights, and thus did not give rise to a private right of action. *Id.* at 429–30. Generally, we find the defendants' argument persuasive, as the reasoning of *Three Rivers* would appear equally applicable to the regulation cited by the plaintiff. We note, however, that other courts have found certain of portions of § 982.201 to be amenable to private enforcement. *See, e.g., Wallace v. Chicago Hous. Auth.*, 298 F. Supp. 2d 710, 718–19 (N.D. Ill. 2003) (finding private cause of action to enforce federal anti-discrimination housing regulations); *Langlois v. Abington Hous. Auth.*, 234 F. Supp. 2d 33, 49–54 (D. Mass. 2002) (describing circuit split and expressly rejecting Third Circuit view). But ultimately, even assuming a private right of action does exist, the complaint has failed to articulate sufficient facts from which we might construe a viable claim of any sort under the cited regulation. Simpson has

failed to allege any facts with respect to his income-eligibility, any potential violation by the defendants of the regulation's income-targeting requirements, or any potential violation by the defendants of the procedural requirements imposed by the regulation.

Accordingly, it is recommended that Simpson's claim that the defendants violated federal regulation 24 C.F.R. § 982.201 be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Fourteenth Amendment Due Process Claim

Simpson alleges that the defendants instituted state court eviction proceedings against him without first providing him with a grievance hearing, a potential violation of his Fourteenth Amendment right to due process.

#### *1. Dauphin County Housing Authority*

"On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local

governmental units are included among those "persons" subject to liability under § 1983. *Id.* at 690. The Housing Authority is such a municipality subject to liability as a "person" under § 1983. *See Watson*, 629 F. Supp. 2d at 485.

But "[u]nder *Monell*, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Jiminez*, 503 F.3d at 249. "A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury

suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). Alternatively, "[a] municipality may be held liable under § 1983 for failure to train, monitor, or supervise, [but] only where the plaintiff can 'identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.'" *Watson*, 629 F. Supp. 2d at 487 (quoting *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005)); *see also Nawuoh*, 802 F. Supp. 2d at 645 ("While municipal liability under § 1983 originally hinged on affirmative policies, or customs, modern jurisprudence has extended it to a [municipality]'s failure to train, supervise and discipline its officers.").

The complaint in this case does not identify any affirmative policy or custom adopted or promulgated by the Housing Authority. Although it does allege, in cursory fashion, that the Housing Authority failed to adequately train, monitor, and supervise its employees, defendants Aldinger and Shuey, it fails to allege any specific training, the absence of which can be said to have caused the alleged due process violation. Moreover, he has failed to allege any facts from which a factfinder might

infer actual or constructive knowledge by the Housing Authority's board of commissioners of a previous pattern of similar due process violations, or of the allegedly inadequate training—a prerequisite to a finding of deliberate indifference by the municipality. *See Colburn v. Upper Darby Twp.*, 838 F.2d 663, 672 (3d Cir. 1988); *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Brown v. City of Pittsburgh*, 586 F.3d 263, 292–93 (3d Cir. 2009) (recognizing that where no explicit policy is identified, "'more proof than the single incident will be necessary' to establish a causal connection between the incident and some municipal policy"). *See generally Nawuoh*, 802 F. Supp. 2d at 645–46 (noting that, under Pennsylvania law, a housing authority is governed by a board of commissioners with final policymaking authority).

Accordingly, it is recommended that Simpson's § 1983 claims against the Housing Authority be dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### *2. Defendants Aldinger and Shuey*

Simpson has alleged that the defendants instituted state court eviction proceedings against him without first providing him with a grievance hearing, a potential violation of his Fourteenth Amendment right to due process. *See Bell*, 443 Fed. App'x at 735; *Watson*, 629 F. Supp. 2d at 486. As noted above, the defendants have not addressed this claim in their motion to dismiss. *See Kehr Packages*, 926 F.2d at 1409 (defendant has burden of showing no claim has been stated). Based on the complaint, we decline to recommend that the claim be dismissed *sua sponte*, as it appears to state sufficient facts to support a plausible claim for relief.

**D. Leave to Amend**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Simpson be granted leave to file an amended complaint within a specified time period following partial dismissal of the original complaint.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. The defendant's motion to dismiss (Doc. 11) be **GRANTED in part and DENIED in part**;

2. The plaintiff's claims for breach of contract, wrongful eviction, and violation of 24 C.F.R. § 982.201 be **DISMISSED** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

3. The plaintiff's § 1983 claims against defendant Dauphin County Housing Authority be **DISMISSED** *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4. The plaintiff's § 1983 claims against defendants Aldinger and Shuey be permitted to proceed;

5. The plaintiff be granted leave to file a curative amendment within a specified time period after partial dismissal of the complaint; and

6. The matter be remanded to the undersigned for further proceedings.

Dated: April 26, 2017        *s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON, JR., | |
| Plaintiff, | CIVIL ACTION NO. 1:16-cv-01747 |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| DAUPHIN COUNTY HOUSING AUTHORITY, et al., | |
| Defendants. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 26, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: April 26, 2017         *s/ Joseph F. Saporito, Jr.*
                              JOSEPH F. SAPORITO, JR.
                              United States Magistrate Judge