# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALMERS A. SIMPSON, JR.,** | : | CIVIL ACTION NO. 1:16-CV-1747 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY HOUSING AUTHORITY,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 31st day of May, 2017, upon consideration of the report (Doc. 18) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court grant defendants' motion (Doc. 11) to dismiss certain claims asserted in the complaint (Doc. 1) of *pro se* plaintiff Chalmers A. Simpson, Jr. ("Simpson"), to wit: Simpson's claims for breach of contract, wrongful eviction, and violation of 24 C.F.R. § 982.201 against all defendants, and Simpson's claims under 42 U.S.C. § 1983 against defendant Dauphin County Housing Authority, but further recommending that Simpson's claims against individual defendants Stewart Aldinger and Ingrid Shuey be permitted to proceed, (see Doc. 18 at 5-15), and it appearing that neither party has objected to the report, see FED. R. CIV. P. 72(b)(2), but that Simpson has requested additional time to file an amended pleading addressing the deficiencies identified by the magistrate judge, (Doc. 19), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of

good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court in agreement with Judge Saporito's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. Defendants' motion (Doc. 11) is GRANTED in part and DENIED in part as set forth in the following paragraphs.

2. Simpson's complaint (Doc. 1) is DISMISSED with prejudice on sovereign immunity grounds to the extent Simpson asserts state law claims for breach of contract and wrongful eviction.

3. Simpson's complaint (Doc. 1) is DISMISSED without prejudice for failure to state a claim to the extent Simpson asserts claims for violation of 24 C.F.R. § 982.201 against all defendants and 42 U.S.C. § 1983 against the Dauphin County Housing Authority.

4. Simpson's motion (Doc. 19) for additional time to amend his complaint is GRANTED. Simpson may file an amended complaint with respect to the claims set forth in paragraph 3 above within thirty (30) days of the date of this order. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the counts hereinabove dismissed.

5. If Simpson does not file an amended complaint as authorized by paragraph 4 above, this matter shall proceed on his initial complaint (Doc. 1) and his remaining claims pursuant to 42 U.S.C. § 1983 against defendants Stewart Aldinger and Ingrid Shuey.

6. This matter is REMANDED to Magistrate Judge Saporito for further pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania